**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HASSAN REID, | : |
| Plaintiff, | : Civ. No. 22-3742 (GC) (JBD) |
| v. | : |
| DEPUTY WARDEN WILLIAMS, et al., | : **OPINION** |
| Defendants. | : |

**CASTNER, District Judge**

### I.  INTRODUCTION

Plaintiff, Hassan Reid ("Plaintiff" or "Reid"), is a pretrial detainee proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. (*See* ECF 1). Previously, this Court granted Plaintiff's application to proceed *in forma pauperis*. (*See* ECF 3).

The allegations of the Complaint must be screened pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether they are frivolous or malicious, fail to state a claim upon which relief may be granted, or whether the allegations seek monetary relief from a defendant who is immune from suit. For the following reasons, Plaintiff's Complaint shall be dismissed in its entirety, with prejudice in part and without prejudice in part for failure to state a claim upon which relief may be granted.

### II.  BACKGROUND

The allegations of Plaintiff's Complaint shall be construed as true for purposes of this screening Opinion. Plaintiff names the following Defendants in this action:

1. Deputy Warden Williams;

2. Officer Backer;

3. Officer Norton;

4. Danial Batson – Inmate;

5. Somerset County Jail; and

6. Sgt. Lai.

Plaintiff alleges he was thrown into lockup for five days based on Defendant Batson's false accusations against him. (*See* ECF 1 at 8-9). Plaintiff claims there was no basis for the charges brought against him which resulted in him being placed into lockup for this period. (*See id.* at 9). Plaintiff states he suffers from great depression because of this incident. (*See id.*). Furthermore, he alludes to not being able to shower for "some days." (*See id.*).

Plaintiff seeks monetary damages and injunctive relief.

### III.   LEGAL STANDARD

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs a court to *sua sponte* dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive

a court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings are liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim," *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In this case, Plaintiff seeks relief in part under 42 U.S.C. § 1983. A plaintiff may have a cause of action under § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See*

*Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV. DISCUSSION

### A. Somerset County Jail

Plaintiff names the Somerset County Jail as one of the Defendants in this § 1983 action. Plaintiff cannot pursue a § 1983 claim against Somerset County Jail because a county jail is not a "person" subject to suit under § 1983. *See, e.g., Coleman v. Corizon Med.*, No. 18-4611, 2019 WL 5704501, at *3 (D.N.J. Nov. 5, 2019); *Walker v. Cty. of Gloucester*, No. 15-7073, 2018 WL 1064210, at *3 (D.N.J. Feb. 27, 2018) (collecting cases); *see also Boomer v. Lewis*, 541 F. App'x 186, 192 (3d Cir. 2013). Thus, Plaintiff's claims against Somerset County Jail are dismissed with prejudice for failure to state a claim upon which relief may be granted.

### B. Defendant Inmate Daniel Batson

Next, Plaintiff sues Inmate Daniel Batson. Plaintiff's allegations against Batson set forth no basis for a claim under Section 1983, which provides a remedy against persons acting under color of state law. Batson is himself incarcerated. He is not a state actor subject to § 1983 liability. *See Simonton v. Tennis*, 437 F. App'x 60, 62 (3d Cir. 2011). Thus, Plaintiff's claims against Defendant Batson are dismissed with prejudice to the extent he seeks relief under § 1983 for failure to state a claim upon which relief may be granted.

### C. Remaining Defendants/Claims

Plaintiff's Complaint also includes allegations about his placement in "lockup" for five days as well as being unable to shower for "some days." A prisoner asserting a condition of confinement claim must show that the alleged deprivation is "sufficiently serious" and that he has been deprived

of the "minimal civilized measure of life's necessities."[1] *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). A plaintiff must allege that the prison official acted with deliberate indifference to the prisoner's health or safety. *See Wilson v. Seiter*, 501 U.S. 294, 298–99 (1991). In analyzing whether the conditions of confinement violate the Constitution, a court examines the totality of the conditions at the institution. *See Nami v. Fauver*, 82 F.3d 63, 67 (3d Cir. 1996). "Relevant considerations include the length of confinement, the amount of time prisoners must spend in their cells each day, sanitation, lighting, bedding, ventilation, noise, education and rehabilitation programs, opportunities for activities outside the cells, and the repair and functioning of basic physical facilities such as plumbing, ventilation, and showers." *Id.* (citing *Tillery v. Owens*, 907 F.2d 418, 427 (3d Cir. 1990)); *see also Riley v. DeCarlo*, 532 F. App'x 23, 26 (3d Cir. 2013). "The Constitution mandates that prison officials satisfy inmates' 'basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety.'" *Duran v. Merline*, 923 F. Supp. 2d 702, 719 (D.N.J. 2013) (quoting *Helling v. McKinney,* 509 U.S. 25, 32 (1993)) (remaining citation omitted).

The Court does not find that Plaintiff's conditions of confinement allegations satisfy the *Iqbal* facial plausibility standard to sufficiently state a claim. Besides stating he was in lockup for five days, Plaintiff fails to state that his basic human needs were not being met by his placement in lockup for this period. His one allegation, that he was prevented from showing for "some days," is insufficient as alleged to state a condition of confinement claim with facial plausibility. *See Lee v. Janosko*, No. 18-1297, 2021 WL 877761, at *9 (W.D. Pa. Mar. 9, 2021) (citing *Gay v. Shannon*,

---

[1] To the extent Plaintiff was a pretrial detainee at the time giving rise to his claims, his conditions of confinement claims are analyzed under the Fourteenth Amendment as opposed to the Eighth Amendment. *See Hubbard v. Taylor,* 538 F.3d 229, 231 (3d Cir. 2008) (explaining that Fourteenth Amendment applies to pretrial detainees' conditions of confinement claim).

211 F. App'x 113, 116 (3d Cir. 2006); *Ebersole v. Pennsylvania*, No. 01-1924, 2007 WL 2815730, at *10 (M.D. Pa. Sept. 25, 2007)) (noting that denial of showers for limited period does not violate the Constitution). Accordingly, Plaintiff's remaining claims are dismissed without prejudice for failure to state a claim upon which relief may be granted.

## V.   CONCLUSION

For the foregoing reasons, Plaintiff's claims under § 1983 against the Somerset County Jail and Defendant Batson are dismissed with prejudice for failure to state a claim upon which relief may be granted. Plaintiff's claims against the remaining Defendants are dismissed without prejudice for failure to state a claim upon which relief may be granted. Plaintiff may elect to file a proposed amended complaint that corrects the deficiencies of his claims dismissed without prejudice within thirty (30) days of the date of this Opinion. An appropriate Order will be entered.

DATED: May 31, 2023

GEORGETTE CASTNER
United States District Judge